**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ALLIED MACHINE & ENGINEERING CORPORATION,<br><br>                *Plaintiff*,<br><br>v.<br><br>SAB TOOL SUPPLY CO. D/B/A YG-1 TOOL (USA) CO.,<br><br><br>                *Defendant*. | Case No. 1:19-cv-01307<br>Judge: Hon. Edmond E. Chang<br>Magistrate: Hon. Susan E. Cox<br><br>JURY TRIAL DEMANDED |

## SAB TOOL SUPPLY CO.'S ANSWER, ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant SAB Tool Supply Co. d/b/a Y.G-1 Tool (USA) Co. ("SAB Tool"), by and through its attorneys, answers Plaintiff Allied Machine & Engineering Corporation's ("Plaintiff") Complaint as follows:

### THE PARTIES

1.      Allied is an Ohio corporation with a principal place of business at 485 W 3rd St., Dover, OH, 44622.

**ANSWER:** SAB Tool is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies such allegations.

2.      On information and belief, SAB Tool Supply Co. d/b/a YG-1 Tool (USA) Co. is a corporation organized under the laws of the State of Illinois with its principal place of business at 730 Corporate Woods Parkway, Vernon Hills, IL 60061.

**ANSWER:** SAB Tool admits that SAB Tool is an Illinois corporation with offices at 730 Corporate Woods Parkway, Vernon Hills, IL 60061.

## JURISDICTION, VENUE AND PARTIES

3.      This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.* In addition, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**:  SAB Tool admits the Complaint contains allegations that purport to arise

under the patent laws of the United States.

4.      This Court has personal jurisdiction over SAB Tool Supply Co. d/b/a YG-1 Tool (USA) Co. because SAB Tool Supply Co. resides and/or has committed acts of infringement and has a regular and established place of business in this District.

**ANSWER:**  SAB Tool admits that there is personal jurisdiction over it by this Court for

the purpose of this action only, but denies that there are any factual or legal bases for Plaintiff's

claims in the remaining allegations contained in Paragraph 4.

5.      Venue is proper in this District and before this Court under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because SAB Tool Supply Co. resides and/or has committed acts of infringement and has a regular and established place of business in this District.

**ANSWER:**  SAB Tool admits that venue is proper in this district for the purpose of this

action only, but denies that there are any factual or legal bases for Plaintiff's claims in the

remaining allegations contained in Paragraph 5.

## THE ASSERTED PATENTS

6.      On October 3, 2006, the United States Patent and Trade Office ("USPTO") duly and legally issued U.S. Patent No. 7,114,893 ("the '893 patent"), to Wendell Mast and Joseph Nuzzi, entitled *Drill Insert Geometry having V-notched Web.* A true and correct copy of the '893 patent is attached as Exhibit A. Allied is the owner by assignment of U.S. Patent No. 7,114,893 ("the '893 patent"), and holds all rights and interest in this patent.

**ANSWER:**  SAB Tool admits that Exhibit A purports to be a copy of the United States

Patent No. 7,114,893 ("the '893 patent"). SAB Tool is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of

the Complaint and, therefore, denies such allegations.

7.      The '893 patent is a continuation-in-part of then pending U.S. application Ser. No. 10/771,177 filed Feb. 2, 2004, now issued as U.S. Patent No. 6,986,628; which is a continuation-

in-part of then pending U.S. application Ser. No. 09/975,221 filed Oct. 11, 2001, now issued as U.S. Pat. No. 6,685,402.

**ANSWER:** SAB Tool is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, denies such allegations.

8. On May 13, 2008, the United States Patent and Trade Office ("USPTO") duly and legally issued U.S. Patent No. 7,371,035 ("the '035 patent"), to Wendell Mast and Joseph Nuzzi, entitled *Drill Insert Geometry having V-notched Web.* A true and correct copy of the '035 patent is attached as Exhibit B. Allied is the owner by assignment of the '035 patent, and holds all rights and interest in this patent.

**ANSWER:** SAB Tool admits that Exhibit B purports to be a copy of the United States Patent No. 7,371,035 ("the '035 patent"). SAB Tool is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint and, therefore, denies such allegations.

9. The '035 patent is a continuation of then pending U.S. application Ser. No. 10/818,171 filed April 5, 2004, now issued as U.S. Patent No. 7,114,893, which was a continuation-in-part of then pending U.S. application Ser. No. 10/771,177 filed Feb. 2, 2004, now issued as U.S. Patent No. 6,986,628; which is a continuation-in-part of then pending U.S. application Ser. No. 09/975,221 filed Oct. 11, 2001, now issued as U.S. Pat. No. 6,685,402.

**ANSWER:** SAB Tool is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies such allegations.

## FACTUAL BACKGROUND

10. Allied is a leading provider of cutting tool technologies, and, in particular, technologies for hole making including boring, reaming, burnishing, porting and threading technologies, delivering critical manufacturing technologies and economic benefits to its customers.

**ANSWER:** SAB Tool is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies such allegations.

3

11.     In 2001, Allied developed a spade tool drilling insert to address problems with the current tooling in various applications and environments. One problem with the current tools at that time was did not efficiently cut into the workpiece, due to negative or neutral rake angles formed by web thinning techniques near the chisel of the insert. The cutting geometry of spade tool drilling inserts at the time resulted in more deformation of the workpiece at the center portion of the tool, which increases the heat produced at the drill insert point. Furthermore, the current drilling insert geometry at that time could result in instability, which can cause deviations in the dimensions of the hole being bored, also known as runout and/or bellmouthing, which is undesirable. Additionally, the current drilling inserts at that time were configured such that chips from the drilling process were not formed efficiently, causing deterioration of the cutting surfaces.

**ANSWER:** SAB Tool is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, denies

such allegations.

12.     Allied filed the above mentioned U.S. application serial No. 09/975,221 on October 11, 2001, for its spade drill insert innovation. An illustration of Allied's new spade tool drilling insert from that application is reproduced below.



Allied filed Continuation-in-Part patent applications on further related cutting geometries resulting in the '893 and '035 patents. After introducing the new cutting insert, its performance for customers produced significant commercial success for Allied.

**ANSWER:** SAB Tool is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies

such allegations.

13.     Defendant YG-1 introduced a spade tool drilling insert in 2006, referred to as the SR-Point Spade Drill Insert. An image SR-Point Spade Drill Insert is reproduced below:



The SR-Point spade drill insert had the same cutting geometry as illustrated and described in Allied's patents and applications including a notch cutting edge formed as a part of a web thinning the cutting geometry having a positive rake angle as claimed in Allied's '893 patent. In

2006, Allied brought a patent infringement suit, asserting infringement of the '893 patent by YG-1 in relation to SR-Point spade drill inserts made and sold by YG-1 (Case No. 5:06-cv-02566 Northern District of Ohio Eastern Division). YG-1 agreed to stop the manufacture and sale of the SR-Point spade drill inserts and the case was dismissed.

**ANSWER:** SAB Tool admits that, at certain times, it sold the SR-Point Spade Drill Inserts. SAB Tool admits that Allied filed a patent infringement suit against SAB Tool asserting the '893 Patent in the Northern District of Ohio Eastern Division, Case No. 5:06-cv-02566 accusing SAB Tool's SR-Point Spade Drill Inserts. SAB Tool admits that it agreed to destroy all the SR-Point spade drill inserts and the case was dismissed. SAB Tool denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. On August 12, 2005, YG-1's parent company, YG-1 CO., LTD., 68 Cheong Cheon-Dong Pupyoung-Gu Incheon, KR filed patent application serial No. 11/161,704, which, on information and belief, illustrates and claims the SR-Point spade drill inserts. On June 22, 2007, the U.S. Patent Office rejected all of the claims of this application as being anticipated by Allied's '628 Patent. YG-1 did not respond to the rejection and allowed its patent application to go abandoned.

**ANSWER:** SAB Tool denies that YG-1 CO., LTD. is its parent company. SAB Tool refers to U.S. Patent Application No. 11/616,704, referenced in Paragraph 14 of the Complaint, which speaks for itself, for its true and complete contents and denies any characterization of that patent application by Plaintiff.

15. On October 22, 2015, YG-1's parent company, YG-1 CO., LTD., 68 Cheong Cheon-Dong Pupyoung-Gu Incheon, KR, filed an application for patent U.S. Serial No. 14/920,196. Illustrations from YG-1's '196 Application (left) and Allied's '893 Application (right) are reproduced below:



YG-1's '196 Application                    Allied's '893 Patent

Notwithstanding the similarity of the illustrations and descriptions of these tools, YG-1 Co, Ltd. did not disclose any of the Allied patents to the U.S. Patent Office during the prosecution of the '196 Application, including the '893 Patent from the 2006 lawsuit.

**ANSWER:** SAB Tool denies that YG-1 CO., LTD. is its parent company. SAB Tool refers to U.S. Patent Application No. 14/920,196, referenced in Paragraph 15 of the Complaint, which speaks for itself, for its true and complete contents and denies any characterization of that patent application by Plaintiff. SAB Tool denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.     On information and belief, YG-1 introduced a new product referred to as the SV-Point Spade Drill Insert by at least by early 2018. An image of the SV-Point Spade Drill Insert from the YG-1 website is reproduced below and in Exhibit C:



The YG-1 website portions included in Exhibit C expressly note that SV-Point Spade Drill Inserts have a thinning edge for smooth cutting and positive rake angle, as claimed in Allied's '893 patent.

**ANSWER:** SAB Tool admits that, at certain times, it sold the SV-Point Spade Drill Inserts. SAB Tool further admits that Exhibit C purports to be a copy of the SV-Point Spade

6

Drill Insert image. SAB Tool denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     Allied notified YG-1 of its belief that the current SV-Point Spade Drill Insert infringes Allied's '893 Patent in writing by certified mail on April 18, 2018.

**ANSWER:** SAB Tool admits that it received a letter from Plaintiff in or around April 2018 notifying SAB Tool of Allied's belief that the current SV-Point Drill Inserts infringe Allied's '893 Patent. SAB Tool denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.     On April 30, 2018, instead of disclosing Allied's '893 Patent to the U.S. Patent Office, despite the notice provided by Allied just days earlier, YG-1 paid the issue fee on the '196 application. YG-1's concealment of the '893 Patent from the US Patent Office is evidence of bad faith which supports a conclusion that YG-1 has willfully infringed Allied's patents. U.S. Patent No. 10,005,137 issued to YG-1 Co. Ltd. on June 6, 2018.

**ANSWER:** SAB Tool refers to U.S. Patent Application No. 14/920,196 which issued as U.S. Patent No. 10,005,137, referenced in Paragraph 18 of the Complaint, which speaks for itself, for its true and complete contents and denies any characterization of that patent application by Plaintiff. SAB Tool denies the remaining allegation contained in Paragraph 18 of the Complaint.

19.     Allied itself practices specific embodiments of the claimed inventions in the family of patents including the '893 and '035 patents. An example is the Notch Point® spade drilling insert that can be seen at www.alliedmachine.com.

**ANSWER:** SAB Tool is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies such allegations.

20.     YG-1 infringes the inventions claimed in the Allied's patents, at least through its manufacture and sale of the SV Point Spade Drill Inserts, found at http://www.yg1usa.com/feature/item_view.asp?disp=1&cat_id=2&sub_id=35&sub_sub_id=953 &pre=&pre2=&name=THROW-AWAY, and the like, and at least as described in Exhibit C attached hereto, and such infringement has been willful.

**ANSWER:** SAB Tool denies each and every allegation contained in Paragraph 20 of the Complaint.

## COUNT I

### Direct Infringement of the '893 Patent pursuant to 35 U.S.C. § 271(a)

21.     Allied incorporates by reference the allegations of Paragraphs 1 through 20.

**ANSWER:** SAB Tool incorporates by reference its responses to Paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22.     The '893 patent is valid and enforceable.

**ANSWER**: SAB Tool denies each and every allegation contained in Paragraph 22 of the Complaint.

23.     YG-1 has infringed and is now infringing the '893 patent under 35 U.S.C. § 271(a), either literally or under the Doctrine of Equivalents, through, among other activities, the manufacture, sale, offering for sale, and/or importing into the United States spade drill inserts referred to as the SV-Point Spade Drill Inserts, including all spade drill inserts having a YG-1 part number beginning with the letters SV. The SV-Point Spade Drill Inserts include each and every element (or its equivalent) of at least independent Claims 1 and 6, and in association with a drill insert holder, infringe independent claim 21 of the '893 Patent.

**ANSWER**: SAB Tool denies each and every allegation contained in Paragraph 23 of the Complaint.

24.     On information and belief, YG-1 has had knowledge and notice of the '893 patent, as well as of its own infringement of the '893 patent.

**ANSWER**: SAB Tool admits that it received a letter from Plaintiff in or around April 2018 notifying SAB Tool of Allied's belief that the current SV-Point Drill Inserts infringe Allied's '893 Patent. SAB Tool denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.     YG-1 has had knowledge and notice of the '893 patent, as well as of its own infringement of the '893 patent, since at least April 10, 2018 by virtue of the notice by Allied, and based on the prior litigation asserting the '893 patent against YG-1 on its SV-Point Spade Drill Inserts.

**ANSWER**: SAB Tool admits that it received a letter from Plaintiff in or around April 2018 notifying SAB Tool of Allied's belief that the current SV-Point Drill Inserts infringe Allied's '893 Patent. SAB Tool admits that Allied filed a patent infringement suit against SAB Tool asserting the '893 Patent in the Northern District of Ohio Eastern Division, Case No. 5:06-cv-02566 accusing SAB Tool's SR-Point Spade Drill Inserts.   SAB Tool denies the remaining allegation contained in Paragraph 25 of the Complaint.

26.     YG-1's infringement of the '893 patent has been and continues to be willful.

**ANSWER**: SAB Tool denies each and every allegation contained in Paragraph 26 of the Complaint.

27.     YG-1's infringement of the '893 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

**ANSWER**: SAB Tool denies each and every allegation contained in Paragraph 27 of the Complaint.

28.     As a result of YG-1's infringement of the '893 patent, Allied has suffered damages and those damages are ongoing.

**ANSWER**: SAB Tool denies each and every allegation contained in Paragraph 28 of the Complaint.

**COUNT II**
**Direct Infringement of the '035 Patent pursuant to 35 U.S.C. § 271(a)**

30.     Allied incorporates by reference the allegations of Paragraphs 1 through 25.

**ANSWER:** SAB Tool incorporates by reference its responses to Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

31.     The '035 patent is valid and enforceable.

9

**ANSWER**: SAB Tool denies each and every allegation contained in Paragraph 31 of the

Complaint.

32.     YG-1 has infringed and is now infringing the '035 patent under 35 U.S.C. § 271(a), either literally or under the Doctrine of Equivalents, through, among other activities, the manufacture, sale, offering for sale, and/or importing into the United States spade drill inserts referred to as the SV-Point Spade Drill Inserts, including all spade drill inserts having a YG-1 part number beginning with the letters SV. The SV-Point Spade Drill Inserts include each and every element (or its equivalent) of at least independent Claim 1, and in association with a drill insert holder, infringes independent claim 3 of the '035 Patent.

**ANSWER**: SAB Tool denies each and every allegation contained in Paragraph 32 of the

Complaint.

33.     On information and belief, YG-1 has had knowledge and notice of the '035 patent, as well as of its own infringement of the '035 patent.

**ANSWER**: SAB Tool denies each and every allegation contained in Paragraph 33 of the

Complaint.

34.     YG-1 has had knowledge and notice of the '893 patent, as well as of its own infringement of the '893 patent, since at least April 10, 2018 by virtue of the notice provided by Allied, and knew or should have known of the Continuation '035 patent upon introducing the SV-Point Spade Drill Inserts based at least on the prior litigation asserting the '893 patent against YG-1.

**ANSWER**: SAB Tool admits that it received a letter from Plaintiff in or around April

2018 notifying SAB Tool of Allied's belief that the current SV-Point Drill Inserts infringe

Allied's '893 Patent. SAB Tool denies the remaining allegations contained in Paragraph 34 of

the Complaint.

35.     YG-1's infringement of the '035 patent has been and continues to be willful.

**ANSWER**: SAB Tool denies each and every allegation contained in Paragraph 33 of the

Complaint.

36.     YG-1's infringement of the '035 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

**ANSWER**: SAB Tool denies each and every allegation contained in Paragraph 36 of the Complaint.

37.    As a result of YG-1's infringement of the '035 patent, Allied has suffered damages and those damages are ongoing.

**ANSWER**: SAB Tool denies each and every allegation contained in Paragraph 37 of the Complaint.

## DEMAND FOR JURY TRIAL

SAB Tool hereby demands a trial by jury on all issues so triable under the Federal Rules of Civil Procedure 38(b).

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

SAB Tool denies that Plaintiff is entitled to any of the relief that it seeks in its prayer for relief or otherwise.

## AFFIRMATIVE DEFENSES

Without any admission as to the burden of proof or as to any of the allegations contained in the Complaint, SAB Tool states the following defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for willful infringement of the '893 and '035 patents.

## SECOND AFFIRMATIVE DEFENSE

SAB Tool has not infringed, and does not infringe, any valid claim of the '893 and '035 patents, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff is wholly or partially barred from the relief it seeks because the claims of the '893 and '035 patents are invalid for failure to comply with one or

more requirements of the patent laws of the United States, 35 U.S.C. § 100, et seq., including, but not limited to, one or more of 35 U.S.C. §§ 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff is wholly or partially barred from the relief it seeks based upon the principles and doctrines of waiver, equitable estoppel, laches, unclean hands, and/or acquiescence.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff is not entitled to past damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any alleged infringement by SAB Tool of the claims of the '893 patent and the '035 patent to the extent that Plaintiff and/or any predecessor owners and/or licensees of the '893 patent and the '035 patent have not complied with the notice and/or marking requirements of 35 U.S.C. § 287.

## RESERVATION OF ADDITIONAL DEFENSES

Discovery in this action has not yet commenced and SAB Tool continues to investigate the allegations in the Complaint. SAB Tool specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute or discovery proceedings in this case, and hereby reserves the right to assert such additional defenses.

## COUNTERCLAIMS

1.      Counterclaimant SAB Tool Supply Co. d/b/a YG-1 Tool (USA) Co. ("SAB Tool"), by its undersigned counsel hereby states its counterclaims as follow:

## PARTIES

2.      Counterclaimant SAB Tool is an Illinois corporation with offices at 730 Corporate Woods Parkway, Vernon Hills, IL 60061.

12

3.　　　According to its Complaint, Plaintiff is an Ohio corporation with a principal place of business at 485 W 3rd St., Dover, OH, 44622.

## JURISDICTION AND VENUE

4.　　　This Court has subject matter jurisdiction over SAB Tool's counterclaims under the patent laws of the United States, Title 35, United States Code, and 28 U.S.C. §§ 1331 and 1338(a).

5.　　　By filing its Complaint, Plaintiff has consented to the personal jurisdiction and venue of this Court.

6.　　　Plaintiff, by its Complaint, has asserted, and continues to assert, that SAB Tool is infringing the '893 and '035 patents. Plaintiff further asserted that it owns the '893 and '035 patents. SAB Tool, by its answer, has asserted, and continues to assert, that it does not infringe the '893 and '035 patents and the '893 and '035 patents are invalid. Thus, an actual, justiciable controversy exists between Plaintiff and SAB Tool concerning the infringement and validity of the '893 and '035 patents.

## FACTUAL ALLEGATIONS

7.　　　In its Complaint, Plaintiff alleges that SAB Tool infringes at least claims 1, 6, and 21 of the '893 patent and at least claims 1 and 3 of the '035 patent.

8.　　　SAB Tool does not infringe, nor has it infringed, any valid, enforceable claim of the '893 and '035 patents, either directly or under the doctrine of equivalents.

9.　　　Upon information and belief, all claims of the '893 and '035 patents are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 102, 103, and/or 112, and/or for non-statutory double patenting.

13

## COUNTERCLAIM I

### (Declaration of Noninfringement of the '893 patent)

10.     SAB Tool incorporates by reference each and every allegation contained in Paragraphs 1–9 of its counterclaims as if fully set forth herein.

11.     In its Complaint, Plaintiff alleges that SAB Tool literally or under the doctrine of equivalents infringes at least independent Claims 1 and 6, and in association with a drill insert holder, infringes independent claim 21 of the '893 Patent.

12.     In its Complaint, Plaintiff seeks damages from SAB Tool for the alleged infringement of the '893 patent.

13.     SAB Tool does not, and has not, infringed any valid claim of the '893 patent literally, directly and/or under the doctrine of equivalents.

14.     In response to Plaintiff's action in Ohio in 2006, on December 29, 2006, SAB Tool filed its answer denying infringement of the '893 patent by its SR-Point Spade Drill Inserts and asserting a counterclaim for declaratory judgment of non-infringement of the '893 patent.

15.     On at least August 6, 2018, SAB Tool responded to Plaintiff's allegations of infringement against SAB Tool's SV-Point Spade Drill Inserts explaining that the SV-Point Spade Drill Inserts do not infringe the '893 patent and that it is also invalid and unenforceable.

16.     As a result of the acts described in the foregoing paragraphs, there is an actual and justiciable controversy of sufficient immediacy and reality between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq. concerning SAB Tool's non-infringement of the claims of the '893 patent to warrant the issuance of a declaratory judgment.

17.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, SAB Tool is entitled to a declaratory judgment that it does not, and has not, infringed the '893 patent.

## COUNTERCLAIM II

### (Declaration of Invalidity of the '893 patent)

18.     SAB Tool incorporates by reference each and every allegation contained in paragraphs 1–17 of its counterclaims as if fully set forth herein.

19.     One or more claims of the '893 patent that are allegedly infringed by SAB Tool are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Codes including, for example, Sections 102, 103, and/or 112.

20.     For example, one of more claims of the '893 patent that are allegedly infringed by SAB Tool are invalid under Sections 102 and/or 103 based on at least the following references either alone or in combination:

- U.S. Patent No. 5,338,135

- U.S. Patent No. 6,916,139

- U.S. Patent No. 7,201,543

- U.S. Patent No. 3,076,357

- U.S. Patent No. 6,371,702

- U.S. Patent No. 7,540,696

- U.S. Patent No. 4,728,231

- U.S. Patent No. 4,583,888

- U.S. Patent No. 6,551,036

- U.S. Patent No. 6,270,297

- U.S. Patent No. 6,923,602

- U.S. Patent No. 4,060,335

- JP 3162309

21.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

22.     SAB Tool seeks a judicial determination and declaration of the respective rights and duties of the parties based on SAB Tool's contentions as set forth in the paragraphs above. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '893 patent.

23.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, SAB Tool is entitled to a declaratory judgment that one or more claims of the '893 patent are invalid.

## COUNTERCLAIM III

### (Declaration of Noninfringement of the '035 patent)

24.     SAB Tool incorporates by reference each and every allegation contained in Paragraphs 1–23 of its counterclaims as if fully set forth herein.

25.     In its Complaint, Plaintiff alleges that SAB Tool literally or under the doctrine of equivalents infringes at least independent Claim 1, and in association with a drill insert holder, infringes independent claim 3 of the '035 Patent.

26.     In its Complaint, Plaintiff seeks damages from the SAB Tool for the alleged infringement of the '035 patent.

27.     SAB Tool does not, and has not, infringed any valid claim of the '035 patent literally, directly and/or under the doctrine of equivalents.

28.     As a result of the acts described in the foregoing paragraphs, there is an actual and justiciable controversy of sufficient immediacy and reality between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq. concerning SAB Tool's non-infringement of the claims of the '893 patent to warrant the issuance of a declaratory judgment.

29.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, SAB Tool is entitled to a declaratory judgment that it does not, and has not, infringed the '035 patent.

## COUNTERCLAIM IV

### (Declaration of Invalidity of the '035 patent)

30.     SAB Tool incorporates by reference each and every allegation contained in Paragraphs 1–29 of its counterclaims as if fully set forth herein.

31.     One or more claims of the '035 patent that are allegedly infringed by SAB Tool are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Codes including, for example, Sections 102, 103, and/or 112.

32.     For example, one of more claims of the '035 patent that are allegedly infringed by SAB Tool are invalid under Sections 102 and/or 103 based on at least the following references either alone or in combination:

- U.S. Patent No. 5,338,135

- U.S. Patent No. 6,916,139

- U.S. Patent No. 7,201,543

- U.S. Patent No. 3,076,357

- U.S. Patent No. 6,371,702

- U.S. Patent No. 7,540,696

- U.S. Patent No. 4,728,231

- U.S. Patent No. 4,583,888

- U.S. Patent No. 6,551,036

- U.S. Patent No. 6,270,297

- U.S. Patent No. 6,270,297

- U.S. Patent No. 6,923,602

- U.S. Patent No. 4,060,335

- JP 3162309

33.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

34.     SAB Tool seeks a judicial determination and declaration of the respective rights and duties of the parties based on SAB Tool's contentions as set forth in the paragraphs above. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '035 patent.

35.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, SAB Tool is entitled to a declaratory judgment that one or more claims of the '035 patent are invalid.

## COUNTERCLAIM V

### (Attempted Monopolization under the Sherman Act)

36.     SAB Tool incorporates by reference each and every allegation contained in Paragraphs 1–35 of its counterclaims as if fully set forth herein.

37.     The relevant market for this action is the retail market for the sale of spade drill inserts in the United States ("Relevant Market").

38.     On information and belief, Plaintiff is the largest supplier of spade drill inserts in the U.S. On information and belief, any other sellers of spade drill inserts in the U.S. are very few.

39.     SAB Tool has been trying to enter the Relevant Market as a new competitor to Plaintiff.

40.     In 2006, Plaintiff filed a patent infringement suit against SAB Tool asserting the '893 Patent in the Northern District of Ohio Eastern Division, Case No. 5:06-cv-02566 accusing SAB Tool's SR-Point Spade Drill Inserts.

41.     On December 29, 2006, SAB Tool filed its answer denying infringement of the '893 patent and asserting a counterclaim for declaratory judgment of non-infringement of the '893 patent.

42.     In exchange for dismissing the action, Plaintiff requested that SAB Tool destroy all of its SR-Point Spade Drill inserts and stop the sale and manufacture of the SR-Point Spade Drill Inserts in the U.S. SAB Tool agreed to destroy the product and the action was dismissed with prejudice on April 5, 2007.

43.     On April 16, 2010, Plaintiff accused Arno-Rouse, USA, LLC (Case 1:10-cv-00810) of infringing its '893 patent by selling its line of spade drill inserts sold under the name – AS geometry and all spade drill inserts having a part number ending with the letters AS. On

19

January 5, 2011, Plaintiff filed a notice of dismissal with prejudice that was granted. (Dkt. 20). On information and belief, Arno-Rouse is no longer selling the accused product.

44.     In 2017, SAB Tool began selling a new product, the SV-Point Spade Drill Inserts, that do not infringe Plaintiff's patents. SAB Tool redesigned its spade drill inserts. Unlike the SR-Point Spade Drill Inserts that had a straight line for the shape of the leading notch edge, the SV-Point Spade Drill Inserts have a sinusoidal curve shape.

45.     In April 2018, Plaintiff demanded, among other things, that SAB Tool stop manufacturing and selling all of its SV-Point Drill Inserts in the U.S.

46.     On August 6, 2018, SAB Tool responded to Plaintiff's infringement allegations explaining that it does not infringe the '893 patent and that it is also invalid and unenforceable.

47.     Plaintiff filed the instant action on February 21, 2019 accusing SAB Tool's SV-Point Spade Drill inserts of infringing Plaintiff's '893 and '035 patents. As noted above, SAB Tool does not infringe the asserted claims of the '893 and '035 patents and both patents are invalid based at least on the noted grounds.

48.     In at least April 2019, SAB Tool requested a license to Plaintiff's patents to avoid expensive litigation as a small competitor in the marketplace. In response, Plaintiff stated that it was not interested in granting SAB Tool a license to its patents.

49.     On May 15, 2019, Plaintiff served SAB Tool with the complaint.

50.     In June, through counsel, SAB Tool requested an in-person settlement meeting with Plaintiff.

51.     On July 1, 2019, Plaintiff provided a written settlement proposal to SAB Tool.

52.     In violation of Section 2 of the Sherman Act (15 U.S.C. § 2), Plaintiff has knowingly and intentionally engaged in the foregoing anticompetitive conduct with the specific intent of monopolizing the Relevant Market.

53.     Plaintiff intended, by its action, to: (1) eliminate actual and potential competition in the Relevant Market; (b) injure competition in the Relevant Market; and (c) exclude and foreclose persons from participating in or entering the Relevant Market.

54.     Plaintiff controls such a substantial share of the Relevant Market, and exercises such a substantial degree of power in the Market, that Plaintiff's predatory and exclusionary conduct has had, among others, the following effects:

(a)     Actual or potential competition in the Relevant Market has been restrained, suppressed, and eliminated;

(b)     Actual or potential competitors, including SAB Tool, have been injured in their business and property;

(c)     Instead of open and competitive markets there is a dangerous likelihood that a monopoly in the Relevant Market will be established or maintained and

(d)     Consumers have been, deprived of competition in an open market.

55.     As a result of Plaintiff's anticompetitive conduct, SAB Tool has been injured in its business and property and is entitled to damages pursuant to Section 4 of the Clayton Act (15 U.S.C. § 15).

## **COUNTERCLAIM VI**

### **(Attempted Monopolization under the Illinois Antitrust Act)**

56.     SAB Tool incorporates by reference each and every allegation contained in Paragraphs 1–55 of its counterclaims as if fully set forth herein.

57.     In violation of Section 3(3) of the Sherman Act (740 ILCS 10/3(3)), Plaintiff has knowingly and intentionally engaged in the foregoing anticompetitive conduct with the specific intent of monopolizing the Relevant Market.

58.     Plaintiff intended, by its action, to: (1) eliminate actual and potential competition in the Relevant Market; (b) injure competition in the Relevant Market; and (c) exclude and foreclose persons from participating in or entering the Relevant Market.

59.     Plaintiff controls such a substantial share of the Relevant Market, and exercises such a substantial degree of power in the Market, that Plaintiff's predatory and exclusionary conduct has had, among others, the following effects:

(a)     Actual or potential competition in the Relevant Market has been restrained, suppressed, and eliminated;

(b)     Actual or potential competitors, including SAB Tool, have been injured in their business and property;

(c)     Instead of open and competitive markets there is a dangerous likelihood that a monopoly in the Relevant Market will be established or maintained and

(d)     Consumers have been, or deprived of competition in an open market.

60.     As a result of Plaintiff's anticompetitive conduct, SAB Tool has been injured in its business and property and is entitled to damages pursuant to Section 7 of the Illinois Antitrust Act (740 ILCS 10/7).

## **PRAYER FOR RELIEF**

WHEREFORE, SAB Tool denies that Plaintiff is entitled to the relief as prayed for in the Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

A.     Dismissing Plaintiff's Complaint against SAB Tool, with prejudice;

B.      Denying all relief requested by Plaintiff in its Complaint;

C.      Finding that SAB Tool has not infringed and is not infringing, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '893 patent or the '035 patent;

D.      Finding that the claims of the '893 patent and the '035 patent are invalid;

E.      Enjoining Plaintiff and/or any of its respective officers, directors, agents, servants, employees, attorneys, and all persons in active concert or participation with any of those individuals, from directly or indirectly asserting infringement of the '893 patent and the '035 patent against SAB Tool or any of its customers, suppliers, agents, successors, or assigns;

F.      Awarding to SAB Tool its reasonable attorneys' fees, expenses, and costs incurred in connection with this action, pursuant to 35 U.S.C. § 285; and

G.      Awarding SAB Tool its costs of litigation, including reasonable attorneys' fees, pursuant to Section 4 of the Clayton Act and Section 7 of the Illinois Antitrust Act.

H.      Awarding to SAB Tool such other and further relief as the Court may deem just and proper under the circumstances.


Dated: July 8, 2019                              By: /s/ Jamie B. Beaber

                                                 Amanda Streff Bonner
                                                 Luiz Miranda
                                                 MAYER BROWN LLP
                                                 71 S. Wacker Drive
                                                 Chicago, IL  60606
                                                 (312) 782-0600
                                                 asbonner@mayerbrown.com
                                                 lmiranda@mayerbrown.com

                                                 Jamie B. Beaber (pro hac vice)
                                                 Justin Park (pro hac vice)
                                                 MAYER BROWN LLP

1999 K Street, NW
Washington, DC 20006
(202) 263-3000
jbeaber@mayerbrown.com
jpark@mayerbrown.com

*Counsel for SAB Tool Supply Co. d/b/a Y.G-1 Tool (USA) Co.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule 5.5 on July 8, 2019. Any other counsel of record will be served by First Class U.S. Mail on this same date.

/s/ *Jamie B. Beaber*
Jamie B. Beaber